UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80926-MC-MARRA

ARGENT CORP.,

Movant,

v.

THOMAS G. HINNERS,

Respondent.

_____/

**OPINION AND ORDER**

This cause is before the Court upon Movant Argent Corporation's Motion to Enjoin Bankruptcy Court from Considering Debtor's Motion to Amend or Clarify Order Granting Debtor's Motion for Extension of Exclusivity Periods Pursuant to U.S.C. § 1121 or in the alternative Deny as Moot Argent Corporation's Motion to Reconvert Case to Chapter 7 (DE 1). The Court has carefully considered the motion and is otherwise fully advised in the premises.

The Court finds that Movant has filed an interlocutory appeal in this Court (case no. 12-cv-80930). That appeal challenges the bankruptcy court's July 3, 2012 order granting the expedited motion for extension of Debtor's exclusivity periods pursuant to 11 U.S.C. § 1121. In the instant case, Movant seeks to enjoin the bankruptcy court from reviewing a request by Respondent for the bankruptcy court to amend that July 3, 2012 order. In making this application, Movant notes that it filed a notice of appeal of the July 3, 2012 order. Movant further claims that "[t]he filing of a notice of appeal divests the bankruptcy court of any

jurisdiction of those aspects of the case at issue in the appeal", citing In re Mosley, 494 F.3d 1320 (11th Cir. 2007).

The Court denies this request.  Simply put, the Court finds that Movant has filed an interlocutory appeal in this Court (case no. 12-cv-80930).  See In re RCN Anlagenivestitionen Frodsgesellschaft II—Kommanditgesellschaft, 118 B.R. 460, 463 (W.D. Mich.1990) (bankruptcy court's order extending the exclusivity period under section 1121 is not a final order).  Pursuant to 28 U.S.C. 1292(b), an application for an interlocutory appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b); see Baussan v. United States, Nos. 6:06-cv-1430-Orl-19JGG, 6:03-cr-184-Orl-19JGG, 2007 WL 1017660, at * 1 n.1 (M.D. Fla. Apr. 2, 2007) (denying request to stay proceedings in the district court when interlocutory appeal had been filed in the Court of Appeals). No stay has been ordered.  As such, the bankruptcy court retains jurisdiction to adjudicate the motion to amend its prior Order.  See Law Debenture Trust v. Calpine Corp., 356 B.R. 585, 593 (S.D.N.Y. 2007) (applying section 1292 to bankruptcy courts); GE Capital Corp. v. Mach., Inc., 275 B.R. 303, 306 (B.A.P. 8th Cir. 2002) (same); In re Dino's, Inc., 183 B.R. 779, 781 (S.D. Ohio 1995) (same); In re Neshaminy Office Bldg. Assocs., 81 B.R. 301, 302 (E.D. Pa. 1987) (same).  The Mosley case upon which Movant relies did not involve an interlocutory appeal.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Movant Argent Corporation's Motion to Enjoin Bankruptcy Court from Considering Debtor's Motion to Amend or Clarify Order Granting Debtor's Motion for Extension of Exclusivity Periods Pursuant to U.S.C. § 1121 or in the alternative Deny as Moot Argent Corporation's Motion to Reconvert Case to Chapter 7 (DE 1) is **DENIED**.

The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of September, 2012.

_____
KENNETH A. MARRA
United States District Judge